UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEE ARTHUR RICE II,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF BOISE CITY; COUNTY OF ADA; CITY OF MERIDIAN; IDAHO STATE POLICE; STATE OF IDAHO; JANET MURAKAMI; and JOHN DOES 1-20,<br><br>                Defendants. | Case No. 1:13-cv-00441-CWD<br><br>**ORDER** |

      The Clerk of Court conditionally filed Plaintiff Lee Arthur Rice II's Complaint as a result of his in forma pauperis request. Pursuant to 28 U.S.C. §1915, this Court must review Plaintiff's in forma pauperis request to determine whether Plaintiff is entitled to proceed in forma pauperis, which permits a civil litigant to pay the filing fee over time. *Wilson v. Hardison*, No. 1:09–CV–213–BLW, 2009 WL 1650459 *3 (D. Idaho June 10, 2009). The Court has discretion also to permit the payment of a partial filing fee. *Olivares v. Marshall*, 59 F.2d 109, 111 (9th Cir. 1995).

**ORDER - 1**

On November 6, 2013, the Court issued on order requiring Plaintiff to submit additional financial information regarding his Application to Proceed in Forma Pauperis. Plaintiff was advised that, for the Court to grant him indigent status, he would have to provide specific financial information, including a detailed breakdown of his income and expenses. (Dkt. 6.) An affidavit must state that the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must also "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) (internal quotation marks omitted). The Court provided Plaintiff with its approved application form, which would have provided the required information. (Dkt. 6.)

In response, Plaintiff filed a new Application (Dkt. 8), and a Response, (Dkt. 7), to the Court's Order. Plaintiff's latest filing does not contain the necessary information. Rather than submitting a specific breakdown of his monthly income and expenses, Plaintiff instead completed the application with "N/A" or "0" in all categories. However, Plaintiff indicates that he received $1,400 in food stamps over the past 12 months, and expects $189 in food stamps next month. In response to questions asking about his employment history, his spouse's employment history, and the amount of cash on hand, he responded "N/A." Yet, he lists a 2002 Pontiac Grand Am as an asset he owns. Plaintiff indicated also that his spouse pays $855 in rent or home mortgage payments, yet for all expenses, including those related to his vehicle, home maintenance, upkeep, and food,

**ORDER - 2**

Plaintiff wrote, "N/A." Plaintiff asserts that he cannot pay the filing fee because "it is unlawful – nonconstitutional." (Dkt. 8.) In addition to the questions the Court raised in its order, Plaintiff's second application raises more questions---for example, his spouse pays for rent or a home mortgage, yet Plaintiff lists no other expenses related to the home. Similarly, Plaintiff indicated he owned a car, yet has no expenses, including gas, related to the vehicle.

Plaintiff's objection to the Court's Order requiring him to provide more detailed financial information is without merit. Plaintiff's "response" to the Court's order asserts that the filing fees are "unlawful." (Dkt. 7.) Attached to Plaintiff's response are several documents, including a "Mandatory Notice" quoting *Crandall v. State of Nevada,* 73 U.S. 35 (1867) and *Hale v. Henkel*, 201 U.S. 43 (1906) for the proposition that filing fees are unconstitutional. Neither case supports Plaintiff's objection. *Crandall* considered the propriety of a tax levied upon every person leaving the state of Nevada by railroad or stagecoach, while *Hale* considered whether an officer of a corporation charged with a criminal violation could refuse to respond to a subpoena deuces tecum directed toward the corporation. Neither case is applicable here.

Filing fees have been consistently upheld on the grounds that reasonable costs may be imposed on persons who want to sue. *Lumbert v. Ill. Dept. of Corrections*, 827 F.2d 257, 259 (7th Cir. 1987). "Litigation is not a free good, and its costs are not limited to those who initiate it." *Id. See also Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (upholding the imposition of partial filing fees on IFP plaintiffs).

**ORDER - 3**

Plaintiff includes also a "Public Notice" that he is a member of the Posterity of We the People, and a "nonresident" of the state of Idaho or any other state, and therefore subject only to the "universal laws of nature." Further, Plaintiff includes an "affidavit of truth" that he is not subject to "any entity anywhere," and additional filings asserting that he is a member of the "Citizens of Idaho" and has filed a UCC Financing Statement in California.[1]

Plaintiff appears to be relying on a "sovereign citizen" theory to challenge the Court's filing fee, which has been unsuccessfully propounded by others. This legal theory seems to have originated in the context of tax protests, and is generally advanced to challenge state and federal laws and judgments. The theory (in all of its various forms) has been struck down consistently by the courts. *See United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *U.S. v. Delatorre*, 2008 WL 312647, at *2 (N.D. Ill. 2008) ("This Court's jurisdiction over Mr. Delatorre remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a 'real flesh and blood man, in his private

---

[1] The UCC Financing Statement, filed on November 20, 2006, lists Plaintiff's mailing address as 8800 Pembrook Drive, in Boise, Idaho. However, on his application to proceed In Forma Pauperis, he lists his mailing address as 16433 N. Midland Boulevard, Suite 83, Nampa, Idaho, 83687.

**ORDER - 4**

capacity,' a 'sovereign secured party creditor;' a debtor; the 'authorized representative of the corporate fiction-entity/debtor identified, as Fernando Delatorre,' or 'third party intervenor on behalf of Defendant/Debtor Fernando Delatorre.' Mr. Delatorre's Uniform Commercial Code ('UCC'), copyright, and trademark filings do not change this fact.").

## CONCLUSION

For the foregoing reasons, it is hereby recommended that Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) and his Amended Application for Leave to Proceed in Forma Pauperis (Dkt. 8) be denied, and that he be required to pay the $400 filing fee on or before **December 20, 2013**. Failure to pay the filing fee will result in the dismissal of Plaintiff's complaint without further notice.

## ORDER

Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders, the Clerk of the Court is directed to reassign this case to a United States District Judge to consider the Court's recommendation to deny Plaintiff's Application to Proceed in Forma Pauperis.

Dated: **December 06, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

**ORDER - 5**