UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEE ARTHUR RICE II, an individual,<br><br>,<br><br>       Plaintiff,<br><br>       v.<br><br>JANET MURAKAMI, NICOLE HUDSON, ARNEL CATIC, DALE MOREHOUSE, SCOTT TUCKER, JEFFREY A. HILL, JAIMEE WIEBE, TONY FORD, DAN LISTER, MARK AMBERCROMBIE, ROBERT ALLISON, TYLER MARSTON, NICK SHAFFER, MICHAEL VICERS, B. JOHNSON, D. BARBER, R. BURCH, D. JOHNSON AND JOHN DOES 1-20,<br><br>       Defendant. | Case No. 1:13-cv-441-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion to dismiss and a motion for protective order, both filed by the Ada County defendants. The motions are fully briefed and at issue. For the reasons explained below, the Court will (1) deny the motion to dismiss, and (2) grant in part and deny in part the motion for protective order, protecting the defendants from full discovery but not from discovery limited to identifying the role of each defendant in the events in question.

## BACKGROUND

This is an excessive force claim brought against various police officers by plaintiff Rice under § 1983. He alleges that he was pulled over by Officer Janet Murakami for making an unlawful lane change. When Rice refused to turn over his driver's license, and then refused to exit his vehicle, Officer Murakami radioed a "Code 3" emergency, signaling that she was in a serious situation, prompting some 17 officers to rush to her assistance. When they arrived on the scene, they forcefully removed Rice from his vehicle and arrested him. Rice asserts in this lawsuit that the officers used excessive force in arresting him, and he seeks damages under § 1983.

After originally suing all 17 officers, Rice later dismissed 10 of them. The remaining Ada County officers have filed a motion to dismiss arguing that Rice has failed to identify the roles they played in the excessive force. This lack of specificity, they argue, warrants dismissal. The officers also seek a protective order blocking any discovery until they can litigate their claim to qualified immunity. The Court will turn first to the motion to dismiss.

## ANALYSIS

### Motion to Dismiss

In *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), the Supreme Court held that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." A complaint must be dismissed when it "fails to identify what role, if any, each individual defendant had" in the alleged

unconstitutional conduct. *Kwai Fun Wong v. United States*, 373 F.3d 952, 960 (9th Cir.2004).

Here, Rice fails to identify any particular defendant's role in the excessive force other than Officer Murakami. For example, Rice alleges that "[t]he officer on Mr. Rice's right side, and another officer, on his left side, pulled Mr. Rice forward by his shoulders, tripping Mr. Rice over the officer's foot and forcibly throwing him to the ground, face first, where he was handcuffed." *See Amended Complaint (Dkt. No. 13) at ¶ 39*. From this account, it is impossible to determine which of the named defendants participated in this particular allegation of excessive force. Similar examples are spread throughout the complaint, leaving the individual defendants unable to respond because they do not know the specific allegations asserted against them.

These shortcomings of the complaint violate *Iqbal* and *Kwai Fun Wong,* discussed above. However, the Ninth Circuit has been clear that a dismissal without leave to amend is only proper if the "complaint cannot be saved by any amendment . . . unless the amendment would be futile." *Thinket Info. Res., Inc., v. Sun Microsystem,*, 368 F.3d 1053, 1061 (9th Cir. 2004). Here, an amendment that identified the role of the remaining defendants would save the complaint, and the Court cannot find that such an amendment would be futile. Accordingly, Rice will be given leave to amend his complaint to identify the individual role of each specific officer. The Court will therefore deny the motion to dismiss at this time, without prejudice to the right of the defendants to challenge any amendments as insufficient.

**Motion for Protective Order**

The defendants seek a protective order blocking any discovery until they can litigate their claim to qualified immunity. It is true that "[t]he basic thrust of the qualified-immunity doctrine is . . . avoidance of disruptive discovery." *Iqbal,* 556 U.S. at 685. Nevertheless, the courts have recognized that "limited discovery, tailored to the issue of qualified immunity, will sometimes be necessary before a district court can resolve a motion for summary judgment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 973 (9th Cir. 2009).

Here, some limited discovery will be necessary because, as discussed above, Rice must amend his complaint to allege what role each defendant played in his allegations of excessive force. It would simply be unfair to require Rice – without discovery – to identify the role of each defendant in what was likely a chaotic scene.

For example, Rice has served discovery requests asking the Ada County Defendants to identify a timeline for each defendant and identify that defendant's role in the take-down and arrest of the Plaintiff. That is the type of limited discovery necessary to allow Rice a fair opportunity to amend his complaint to satisfy the *Iqbal* standards.

Accordingly, the Court will grant in part and deny in part the motion for protective order. The Court will grant the motion to the degree it seeks protection from full-blown discovery, but will deny it to the extent it seeks protection from limited discovery necessary to identify the role of each defendant in the events at issue.

The Court will direct the parties to meet together within the next 30 days to attempt to agree on (1) a limited discovery plan and (2) a deadline for filing the Second Amended Complaint. If the parties are unable to reach agreement, they shall contact Law Clerk Dave Metcalf to set up a conference to resolve their differences.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for protective order (docket no. 29) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to protect defendants from full discovery. It is denied to the extent it seeks to protect defendants from discovery limited to identifying the role each defendant played in the events in question.

IT IS FURTHER ORDERED, that plaintiff shall file a Second Amended Complaint following limited discovery.

IT IS FURTHER ORDERED, that the parties shall meet together in the next 30 days to agree on (1) a limited discovery plan and (2) a deadline for filing the Second Amended Complaint. If the parties are unable to reach agreement, they shall contact Law Clerk Dave Metcalf (208-334-9025 or dave_metcalf@id.uscourts.gov) to set up a telephone conference.

IT IS FURTHER ORDERED, that the motion to dismiss (docket no. 23) is DENIED without prejudice to the right of the defendants to challenge the Second Amended Complaint, when it is filed, as insufficient.



DATED: June 18, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court