IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEE ARTHUR RICE II,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BOISE CITY; COUNTY OF ADA; CITY OF MERIDIAN; IDAHO STATE POLICE; STATE OF IDAHO; JANET MURAKAMI; and JOHN DOES 1-20,<br><br>    Defendants. | Case No. 1:13-CV-441-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendants' motion in limine, and plaintiff's motions to (1) extend time for discovery, (2) reinstate Janet Murakami as a defendant, and (3) allow a late filing of a brief. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant the defendant's motion and deny the plaintiffs' motions.

## ANALYSIS

### Defense Motion in Limine

Plaintiff Rice recently gave notice that he intends to call several expert witnesses at the trial scheduled for April 9, 2018. The defendants immediately responded with a motion in limine to exclude testimony from any experts for Rice on the ground that the

deadline for disclosure expired years ago and Rice never disclosed any experts by that deadline.

Rice filed this lawsuit in 2013 alleging that the police used excessive force in arresting him for a traffic violation in 2011. The original Case Management Order set a deadline of September 15, 2014, for the plaintiff to file his expert reports. *See Case Management Order (Dkt. No. 35).* That deadline expired without Rice filing any expert reports. About two months after the expert deadline expired, the Court entered an Order on December 5, 2014, stating that because several motions for summary judgment were pending, the "discovery deadline shall be extended to a date to be determined . . . ." *See Order (Dkt. No. 83).* The Order refused to extend the deadline for expert disclosure, stating that "any party seeking to extend the expert disclosure deadline shall file a motion seeking that relief." *Id.* Rice never filed a motion seeking to extend the expert disclosure deadline.

Following an interlocutory appeal on qualified immunity issues to the Ninth Circuit, the case was remanded here, and trial is scheduled for April 9, 2018. In mid-December 2017, Rice disclosed that he intended to call several experts to testify at trial. On January 2, 2018, defendants filed this motion in limine to exclude those experts because Rice's disclosure comes too late. Rice did not file any response until March 15, 2018, filing at the same time a motion to allow a late filing. Rice claims his response brief was late because he was lulled into believing he had more time. The Court's deadlines were clear, however, and Rice has failed to show the good cause or excusable neglect necessary to excuse a late filing. While the Court will deny his motion to allow a

**Memorandum Decision & Order -- 2**

late filing, the Court will proceed to fully address his arguments in the interest of a full resolution of these issues.

Rice argues that a Stipulation between the parties, approved by the Court, extended the expert disclosure deadline to March 23, 2018. *See Stipulation (Dkt. No. 146) & Order (Dkt. No. 147).* That is incorrect. The Stipulation only set that deadline for "Exhibit Lists, Witness Lists, Proposed Voir Dire, Proposed Jury Instructions, and Trial Briefs." *Id.* The Stipulation goes on to state that "no other deadlines are being extended or reset." *Id.* The Stipulation's list of deadlines does not include the expert disclosures required by Rule 26, and so by its express terms, that deadline was not "extended or reset."

Rice's expert disclosures were due in 2014. He was given an opportunity – back in 2014 – to file a motion to extend that deadline but never did so. Now on the eve of trial, it is far too late to disclose experts for the first time.

Rice has identified as potential witnesses several treating physicians. When a treating physician confines his or her testimony to a factual account of the treatment, the physician is not testifying as an expert, and no expert report need be filed. *See Advisory Committee Notes to 1993 Amendments to Rule 26.* In so testifying, the treating physician can relate to what occurred during treatment, including those opinions which he or she actually formed during the course of treatment. With a proper foundation, this may include opinions about causation and long-term prognosis, if those opinions were necessary to and actually formed during Rice's treatment. However, those same treating physicians (or any other witness for that matter) may not testify about any opinions not

**Memorandum Decision & Order -- 3**

formed in the course of treatment – including causation or prognosis -- because that would be opinion testimony "based on scientific technical or other specialized knowledge." *See Rules 701(c) & 702*.

In conclusion, the Court will grant the motion in limine and exclude any expert testimony offered on behalf of Rice. However, the Court's ruling will not prevent Rice from calling treating physicians as percipient witnesses to testify as to the course of treatment provided, including opinions actually formed by the physician as part of Rice's medical treatment.

**Motion to Extend Time for Discovery**

Rice seeks more time to conduct discovery. He claims that he has just discovered that he is suffering from Post-Traumatic Stress Syndrome (PTSD), and wants to "add Dr. James Davidson PhD as an expert witness to present evidence and testimony regarding [PTSD]." *See Motion (Dkt. No. 172)* at p. 1. Rice's counsel explains that he was retained about three months ago, and "[i]t has taken much of that time to discern that [Rice] actually suffers from PTSD," and that it "has taken more time to locate a credible expert on the subject who has the time to conduct an evaluation of [Rice]." *Id.*

As the Court explained above, the expert disclosure deadline expired years ago. This motion – filed March 19, 2018 – comes just three weeks before trial in a case that was filed more than four years ago. The motion is therefore untimely and highly prejudicial to the defendants. For those reasons, the Court will deny the motion.

**Motion to Reinstate Janet Murakami as a Party Defendant**

Rice seeks to rejoin as a defendant Janet Murakami, the officer who originally called for backup assistance. Rice argues that "the Ninth Circuit Court of Appeals was in error" when it granted qualified immunity to Murakami. *See Motion (Dkt. No. 174)* at p. 1. Rice cites no authority authorizing this Court to ignore a ruling of the Ninth Circuit in this very case, and the Court can find none. Hence, this motion must be denied.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that defendant's motion in limine (docket no. 137) is GRANTED, and that the Court excludes (1) any expert testimony offered on behalf of Rice, and (2) any medical records not properly produced in response to discovery requests.

IT IS FURTHER ORDERED, that the motions to extend time for discovery and rejoin Janet Murakami as a defendant (docket nos. 172 & 174) are DENIED.

IT IS FURTHER ORDERED, that the motion to allow late filing of brief (docket no. 164) is DENIED, and the motion to strike the brief (docket no. 167) is DEEMED MOOT.

DATED: March 23, 2018

B. Lynn Winmill
Chief U.S. District Court Judge