ROBERT B. LUCE
BOISE CITY ATTORNEY

SCOTT B. MUIR
Assistant City Attorney
KELLEY K. FLEMING
Assistant City Attorney
CITY OF BOISE
OFFICE OF CITY ATTORNEY
P.O. Box 500
Boise, ID 83701-0500
Telephone: (208)384-3870
Idaho State Bar Numbers: 4229 and 6560
Email: BoiseCityAttorney@cityofboise.org

Attorney for Mark Abercrombie and
Jeffrey A. Hill

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEE ARTHUR RICE, II, an individual<br><br>Plaintiff,<br><br>v.<br><br>DALE MOREHOUSE, JEFFREY A. HILL, TONY FORD, MARK AMBERCROMBIE, NICK SHAFFER, and JOHN DOES 1-20,<br><br>Defendants. | Civil Action No. 1:13-cv-00441-BLW<br><br>**DEFENDANTS JEFFREY A. HILL AND MARK ABERCROMBIE'S RESPONSE TO PLAINTIFF'S THIRD MOTION TO RECONSIDER** |

**INTRODUCTION**

Plaintiff has filed a third motion to reconsider, which brings up nothing new but just reiterates his arguments presented in the first motion for reconsideration (DKT #193) and the second motion for reconsideration (DKT #194).  The earlier two motions for reconsideration were denied by the Court in its Memorandum Decision and Order dated April 5, 2018.  Plaintiff again disputes the Court's Memorandum Decision and Order dated March 23, 2018 (DKT #179) to the

DEFENDANTS JEFFREY A. HILL AND MARK ABERCROMBIE'S RESPONSE TO
PLAINTIFF'S THIRD MOTION TO RECONSIDER - 1

extent that it granted defendants' motion in limine (DKT #137) which excludes any expert testimony offered on behalf of Rice, including Dr. James Davidson as a purported expert in PTSD.

## ARGUMENT

The Court properly ruled in its Memorandum Decision and Order (DKT #137) that Plaintiff did not comply with the expert disclosure deadline, which passed more than three and a half years ago.  Plaintiff's deadline to disclose experts was on or before September 15, 2014, as set forth in the Case Management Order dated April 4, 2014 (DKT #35). Plaintiff never disclosed any experts before the deadline expired and did not file a motion to extend the expert disclosure deadline.  This Order was quite specific that experts were to be disclosed and set forth the rules governing disclosure of expert witnesses, as follows:

> Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b).  Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1).  Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition.  This includes rebuttal experts.  No undisclosed expert rebuttal opinion testimony will be allowed at trial.

When the Court agreed to extend the discovery deadlines by Order dated December 5, 2014, (DKT. #83), it was specific that this did not include the expert disclosure deadline, as the Court stated "that any party seeking to extend the expert disclosure deadline shall file a motion seeking that relief."  Defendants relied upon the Order of December 5, 2014, that no experts would be allowed absent the granting of an Order extending the expert disclosure deadline.  Plaintiff has never filed a motion to extend the expert disclosure deadline.

Plaintiff argues in the motion for reconsideration that he was misled by the Order granting the Motion to Continue and reset the trial for April 23, 2018, (DKT #143) as it stated: "All pretrial deadlines are vacated and will be reset by agreement of counsel, to be reviewed and approved by

DEFENDANTS JEFFREY A. HILL AND MARK ABERCROMBIE'S RESPONSE TO
PLAINTIFF'S THIRD MOTION TO RECONSIDER - 2

the Court." The Stipulation for Scheduling and Planning dated January 24, 2018 (DKT #146), directed by the Order and signed by counsel for all parties stated, in pertinent part, as follows:

> COME NOW, the above referenced parties, by and through their counsel of record and hereby stipulate to the following deadlines:
>
> . . . .
>
> 3) Exhibit Lists, Witness Lists, Proposed Voir Dire, Proposed Jury Instructions and Trial Briefs shall be filed no later than March 23, 2018.
>
> . . . .
>
> No other deadlines are being extended or reset.

This stipulation is clear that plaintiff's expert disclosure deadline was not extended or reset, and Plaintiff's contention of being misled by the Court's Order is incorrect. Plaintiff chose not to identify any experts, whether use of force or medical, prior to the expert disclosure deadline of September 15, 2014.

Should Plaintiff be allowed to call his undisclosed experts at trial, it would be extremely unfair and prejudicial to Defendants. The allowance of testimony by experts for the Plaintiff disclosed at this late date, would necessitate that the trial date be vacated to allow Defendants to identify and retain rebuttal experts, open discovery for the depositions of Plaintiff's newly disclosed experts, and provide Defendants with the opportunity to schedule Plaintiff for an independent medical examination. The Court is correct in excluding any expert testimony offered on behalf of Rice.

The above argument is equally applicable to Plaintiff's attempt to name Dr. James Davidson as an expert. Dr. Davidson is also subject to the expert disclosure deadline of September 15, 2014, and could have been consulted prior to expiration of the expert disclosure deadline.

Based on the arguments above, Plaintiff's third motion to reconsider should be denied.

DATED this   11th   day of April 2018.

/s/ SCOTT B. MUIR
Deputy City Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on the   11th   day of April 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard L. Harris
attyrlh@aol.com
*Attorney for Plaintiff*

Erica J. White
Heather M. McCarthy
Catherine A. Freeman
civilpafiles@adaweb.net
*Attorneys for Ada County Deputies*

/s/ SCOTT B. MUIR
Deputy City Attorney