IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEE ARTHUR RICE, II, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DALE MOREHOUSE, JEFFREY A. HILL, MARK AMBERCROMBIE, and NICK SHAFFER,<br><br>　　　　Defendants. | Case No.　1:13-CV-441-BLW<br><br>**PRETRIAL ORDER** |

On April 9, 2018, the Court's staff held a pretrial conference in this matter. Based on that conference, and on further consideration, the Court issues the following order:

NOW THEREFORE IT IS HEREBY ORDERED, that

1. **Legal Issues Remaining:** The only issues in this case are (1) whether the four remaining defendants used excessive force during the scum on plaintiff Rice, and, if so, (2) whether Rice suffered injury, (3) whether he is entitled to monetary damages; and (4) whether he is entitled to punitive damages.

2. **Jurors**: Seven jurors will be empaneled to try the case. There are no alternates and the jury must be unanimous in its verdict.

**Pretrial Order -- page 1**

3. **Jury Selection:** Jury selection will begin on Friday April 20, 2018, at 9:30 a.m. in the Federal Courthouse in Boise, Idaho. Once the jury is selected, they will be sent home with instructions to return for the trial beginning Monday April 23, 2018, at 1:30 pm in the Federal Courthouse in Boise, Idaho.

4. **Preemptory Challenges**: Plaintiff will have 3 preemptory challenges. Defendants will share a total of 3 preemptory challenges (not 3 preemptories each).

5. **Time Allotted for Attorney Voir Dire**: Plaintiff shall have 20 minutes for voir dire questioning by counsel, and Defendants shall have 20 minutes total.

6. **Magistrate Taking the Verdict**: Unless an objection is filed, the Court will assume that all parties agree that, if necessary, a Magistrate Judge may take the verdict in this case.

7. **Trial Day**: The schedule for each trial day is set out below:

   *Monday*: 1:30 pm to 5:00 pm (with 15 min break at about 3:30 pm).

   *Tuesday*: 8:30 am to 1:00 pm – lunch from 1:00 pm to 3:30 pm – continue trial from 3:30 to 5:00 pm.

   *Wednesday:* 8:30 to 2:30 - two 15 min breaks at about 10:30 am and 12:30 pm)

*Thursday:* Same

*Friday:* Same

8. **Time Allocation:** Because the Court must complete the evidence and closing arguments by Friday, and to ensure that each side gets a fair allocation of time during that week, the Court will estimate the trial hours and allocate them accordingly. You will use your time allocation during opening statements, direct and cross, and closing argument – time spent in voir dire does not count against your allocated time. You will also lose time for any objection you make that is not sustained. The time estimates for each day (set forth below) are slightly less than the hours might indicate because there are inevitably some minutes lost in returning to court, etc.

    *Monday*: 3 hours (1:30 to 5:00 pm with 15 min break).

    *Tuesday*: 6.00 hours (8:30 to 1:00 - 3:30 to 5:00 pm)

    *Wednesday:* 5.5 hours (8:30 to 2:30 - two 15 min breaks)

    *Thursday:* 5.5 hours (same)

    *Friday:* 5.5 hours (same)

Adding these trial hours produces a total of 25.5 hours. Because the plaintiff carries the burden of proof, the plaintiff will receive a slightly higher allocation of hours. The Court will allocate the 25.5 hours as

follows: Plaintiff 13.5 hours; Defense 12 hours (total). The Court will keep a time clock and advise counsel each day as to the numbers of hours they have used.

9. **Trial Procedures:**

   a. The Court will generally control voir dire, and counsel will be limited to the time set forth above. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

   b. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

   c. During trial, the jury will be in the box hearing testimony the entire trial day, except for the standard recesses – I do not send the jury out to accommodate argument over evidence or other matters.

   d. During the time the jury is in the jury box, no argument, beyond one-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. Almost all objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.). If

counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

    1.    Examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness did not read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember". These "speaking objections" would suggest an answer.

e.    Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

f.    When counsel announce the name of a witness called to testify, the

Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the record. I will then indicate to counsel that she or he may inquire of the witness.

    g.    Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

    h.    Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by last names.

    I.    You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid all contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

    j.    I try to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those sessions will be held at the end of the trial day and may stretch into

the evening. At the end of those sessions, we will have refined the issues of contention so that I can give you a set of my final instructions and you can state your objections on the record.

DATED: April 11, 2018

B. Lynn Winmill
Chief U.S. District Court Judge