IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEE ARTHUR RICE, II, an individual,<br><br>      Plaintiff,<br><br>  v.<br><br>DALE MOREHOUSE, JEFFREY A. HILL, MARK AMBERCROMBIE, and NICK SHAFFER,<br><br>      Defendants. | Case No. 1:13-CV-441-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it three motions, two filed by plaintiff Rice, and one filed by defendants. The motions are fully briefed and at issue. For the reasons set forth below, the Court will deny both motions filed by Rice and grant in part the motion filed by defendants.

## ANALYSIS

**Rice's Third Motion to Reconsider**

Rice again argues that the Court should reconsider its decision excluding his experts. The Court declines to do so on the basis of its prior rulings and a further analysis set out below.

The timeline of this case is important. The complaint was filed in 2013 for an incident of excessive force that allegedly occurred in 2011. The Court entered a Case

**Memorandum Decision and Order – page 1**

Management Order that set December 5, 2014, as the deadline for discovery, and set the deadline for the filing of Rice's expert reports, as September 15, 2014 (with rebuttal expert reports due October 29, 2014). As the parties completed discovery, they filed motions for summary judgment. Those motions were still not resolved as the discovery deadline arrived, and so the Court entered an Order extending the discovery deadline "to a date to be determined at a status conference held soon after the Court issues its decision on the motions for summary judgment." *See Order (Dkt. No. 83)*. That Order did not extend the deadline for filing expert reports – which had expired by that time – but did state that "any party seeking to extend the expert disclosure deadline shall file a motion seeking that relief." *Id.* Rice never filed any such motion.

After the Ninth Circuit appeal was resolved and the case was ready for trial, the Court issued an Order setting the deadlines for, among other things, the identification of witnesses who would testify at trial. Rice points out that he identified his expert witnesses by the deadline the Court set for the identification of witnesses at trial. He argues that the deadline for the identification of witnesses necessarily includes the deadline for the filing of written expert reports because they are identical deadlines. But they are two entirely different things: The disclosure of expert written reports is governed by Rule 26(a)(2)(A) and the identification of witnesses is governed by Rule 26(a)(3)(A). The Court's orders set separate deadlines for each, as contemplated by these Rules.

Rice's failure to comply with the expert report deadlines subjects him to the sanction of exclusion under Rule 37(c) unless he can show that the failure was harmless

**Memorandum Decision and Order – page 2**

or substantially justified. The failure was not harmless because any continuance to allow the defense an opportunity to rebut Rice's late-filed experts would cause further substantial delay and expense. No argument has been presented that the failure to identify timely the excessive force experts was substantially justified. With regard to the PTSD experts, Rice argues that he did not know he had PTSD until it was diagnosed by Dr. Mark Cook in December of 2017, and that his counsel then quickly found Dr. Davidson, an expert on PTSD, and notified plaintiffs in February of 2018. A true late-manifesting injury might be a legitimate reason to continue a trial. But a failure to diligently marshal all evidence of injury will never justify a continuance. So which is it here? Is there any evidence that Rice's alleged PTSD is a true late-manifesting injury that could not have been discovered, even with diligence, during the over six years that have passed since the alleged excessive force? Rice has submitted nothing. There is no such testimony in affidavit form from Dr. Cook or Dr. Davidson to support Rice's motion. Indeed, it appears from Rice's deposition that he suspected PTSD earlier. His deposition testimony indicates that he went to Dr. Cook to get a second opinion. Previously, Rice was treated by doctors from the Veteran's Administration, all of whom were barred from testifying in this trial by federal regulations, accordingly to Rice's counsel. Dr. Cook was not affiliated with the Veteran's Administration but was in private practice. Allowing plaintiffs to get second opinions on the eve of trial, and admit those into evidence as the testimony of a treating physician, would be to sanction trial by ambush. Alternatively, a continuance (in the absence of evidence of justification) would be highly prejudicial to the defense as it would stretch this case out into its fifth year and

**Memorandum Decision and Order – page 3**

require the defense, after gearing up for this trial, to gear up once again many months from now.

Given these circumstances, the Court cannot find Rice has carried his burden of showing substantial justification. Accordingly, the third motion for reconsideration must be denied.

**Rice's Motion to Declare Requests for Admissions be Deemed Admitted**

Rice argues that defendants Abercrombie and Shaffer failed to respond to his requests for admission and that the Court should therefore deem the requests admitted. But the record shows both officers did submit responses. *See Freeman Affidavit (Dkt. No. 176-1); Muir Declaration (Dkt. No. 195-1).* This motion will be denied.

**Defendants' Motion for Clarification**

In their motion, defendants seek to clarify the Court's earlier decision excluding any medical records not properly produced in response to discovery requests. The defendants now ask for more specificity in that exclusion, urging the Court to exclude any evidence regarding how Rice "felt, how the alleged injuries impacted him, what he did in response to the physical or emotional symptoms, what he communicated to his doctors, or what treatment he received after August 14, 2013."

The defendants originally moved on January 2, 2018, to exclude any medical records dated after August 14, 2013, arguing that Rice had failed to submit any such records in response to discovery requests. Rice did not respond to that motion until March 15, 2018, and did not address defendants' argument in any manner in that brief. On March 23, 2018, the Court granted defendants' motion and excluded "any medical

**Memorandum Decision and Order – page 4**

records not properly produced in response to discovery requests." *See Memorandum Decision (Dkt. No. 180).* Just a few days ago, for the first time, Rice alleged that he produced all his medical records – including those dated after August 14, 2013 – to defendants in early January of 2018.

While the defendants seek a broad ruling of exclusion, they make one specific argument to exclude certain evidence. Rice alleges that he developed osteoarthritis and severe degenerative changes in his hip as a result of the officers' excessive force, that eventually necessitated a hip replacement, occurring sometime after August 14, 2013. The defendants seek to exclude any such testimony.

As the Court has ruled previously, Rice cannot testify that he had osteoarthritis or that he had degenerative changes in his hip. He can testify about his pain because this is the type of testimony allowed by Rule 602. But he cannot testify that his pain was caused by the excessive force because that requires an expert opinion based on scientific and medical expertise. He can testify, for example, that his pain began immediately after the excessive force incident, and his attorney can argue inferences from that evidence that the force caused the pain. But Rice cannot go further and argue that his pain was caused by the excessive force. The causation issue must be resolved by the jury based on all the evidence.

The analysis is the same for the hip replacement testimony. Rice can testify that he obtained a hip replacement, even without expert testimony that it was necessitated by the excessive force, because he personally experienced the hip replacement. He cannot

testify that it was caused by the excessive force because that is an opinion that requires an expert medical opinion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the third motion for reconsideration (docket no. 202) and the motion to declare request for admissions deemed admitted (docket no. 173) are DENIED.

IT IS FURTHER ORDERED, that the motion to clarify (docket no. 203) is GRANTED IN PART AND DENIED IN PART.

DATED: April 23, 2018

B. Lynn Winmill
Chief U.S. District Court Judge