IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEE ARTHUR RICE, II, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>DALE MOREHOUSE, JEFFREY A. HILL, MARK ABERCROMBIE, and NICK SHAFFER,<br><br>    Defendants. | Case No. 1:13-CV-441-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

At the close of the evidence, the four defendants made a verbal motion for judgment as a matter of law under Rule 50(a)(2). To prevail on that motion, the defendants had the burden of showing that "a reasonable jury would not have a legally sufficient evidentiary basis to find for" plaintiff Rice. The Court granted that motion as to defendants Morehouse, Hill, and Shaffer, and denied the motion as to defendant Abercrombie. This Memorandum Decision, along with the Court's rulings from the bench, shall constitute the Court's analysis supporting that ruling.

# ANALYSIS

Under the Fourth Amendment, officers may use only such force as is objectively reasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386 (1989). That analysis requires balancing the "nature and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake" to determine whether the use of force was objectively reasonable under the circumstances. *Id.* at 396. Determining whether a police officer's use of force was reasonable "requires careful attention to the facts and circumstances of each particular case" and a "careful balancing" of an individual's liberty with the government's interest in the application of force. *Santos v. Gates,* 287 F.3d 846, 853 (9th Cir. 2002). Because such balancing nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, the Circuit has held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly. Id. "This is because police misconduct cases almost always turn on a jury's credibility determinations." *Id.*

This case, however, is one of the few where a partial judgment as a matter of law is justified. This becomes clear upon a review of the undisputed evidence as to each officer. In conducting that review, the Court considered that each officer was responding to a Code 3 call from Officer Murikami, signaling that she was in imminent danger. While Officer Murikami – an Idaho State Police Officer – eventually called in a Code 4 (meaning she was no longer in danger) while the defendant officers were in route, the undisputed evidence is that (1) the Idaho State Police had a different radio frequency from that of the Boise City Officers or the Ada County Officers; (2) none of the four defendants had radios with the capability of monitoring the Idaho State Police frequency,

**Memorandum Decision & Order – page 2**

and (3) none of them heard the Code 4. Thus, each officer arrived on the scene assuming – reasonably – that Rice posed a serious threat to Officer Murikami.

**Officer Hill**

After Rice was pulled from his car by other officers and taken to the ground, Officer Hill positioned himself near Rice's head and left shoulder. His sole physical contact with Rice occurred when he placed his right hand on the middle between Rice's shoulder blades to help hold Rice down on the ground. During this time, Officer Hill held a flashlight in his left hand. As soon as other officers handcuffed Rice, Officer Hill took his right hand off Rice and stepped away from him. Officer Hill applied no other force to Rice or had any other physical contact with him.

**Officer Shaffer**

Officer Shaffer jumped in when Officer Murikami lost control of Rice's left arm while removing Rice from his car. Officer Shaffer grabbed Rice's left arm and – with Officer Morehouse – took Rice down to the ground. The Court previously held the officers had qualified immunity for this take-down, so it is not an issue in this case. Once the two officers took Rice to the ground, Officer Shaffer lost control of Rice's left arm as Rice landed on it. Thereafter, Officer Shaffer was trying to get control of Rice's left arm. Eventually Officer Shaffer got control of the left arm and helped other officers handcuff Rice. Officer Shaffer applied no other force to Rice or had any other physical contact with him.

**Officer Morehouse**

Officer Morehouse was on Rice's right side, leading him to the back of the car with, first, Officer Murikami and then, when Officer Murikami lost her grip, with Officer Shaffer on Rice's left side.  When Officer Morehouse and Officer Shaffer took Rice to the ground, Officer Morehouse landed with both knees on the ground.  While lying flat on the ground, Officer Morehouse was trying to maintain control of Rice's right arm.  He was eventually able to get on his knees and scoot up to Rice's side where he was able – with the assistance of another officer – to get Rice's right arm in position to be handcuffed.  At no time did Officer Morehouse put his knees onto Rice – the Officer's knees were on the ground – and at no time did he strike him in any way.

**Officer Abercrombie**

After Officers Morehouse and Shaffer took Rice to the ground, Officer Abercrombie came in, got down on his knees, and took ahold of Rice's right arm, assisting Officer Morehouse in controlling Rice's right arm.  At one point, officer Abercrombie raises up and repositions himself to apply more pressure by pressing his knee or shin to Rice's shoulder or back.  Rice claims that this action was a "knee strike" that caused him considerable pain and injury; Officer Morehouse counters that he was merely applying restraining pressure and did not "strike" Rice with his knee.  Eventually Officers Abercrombie and Morehouse succeeded in handcuffing Mr. Rice.

**Ruling**

With regard to Officers Morehouse, Shaffer and Hill, no reasonable juror could find that their conduct constituted excessive force.  They were responding to a Code 3, signaling that Officer Murikami was in imminent danger.  Their physical contact with

**Memorandum Decision & Order – page 4**

Rice was necessary to restrain him in order to effectuate an arrest and take him into custody. With regard to officer Abercrombie, there was a dispute over whether he struck Rice with his knee, and so the Court denied the Rule 50 motion as to him.

Rice argued that even if three of the defendants did not personally use excessive force, they can still be liable if they were integral participants in Officer Abercrombie's use of excessive force. Generally, "[a] plaintiff must show that an officer personally participated in the alleged violation of the plaintiff's constitutional rights." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The doctrine of integral participation "extends liability to those actors who were integral participants in the constitutional violation, even if they did not directly engage in the unconstitutional conduct themselves." *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009). "Integral participation requires some fundamental involvement in the conduct that allegedly caused the [constitutional] violation." *Monteilh v. Cty. of L.A.*, 820 F. Supp. 2d 1081, 1089 (C.D. Cal. 2011). Officers are fundamentally involved when they "provide some affirmative physical support at the scene of the alleged violation" and "are aware of the plan to commit the alleged violation or have reason to know of such a plan, but do not object." *Id.*

The case of *Boyd v. Benton,* 374 F.3d 773 (9th Cir. 2004) is instructive. There, the plaintiff claimed that the use of a flash-bang grenade by Officer Ellison constituted excessive force, and that the officers assisting Officer Ellison were liable as integral participants. The Ninth Circuit agreed:

**Memorandum Decision & Order – page 5**

> The facts of this case clearly support a finding that each officer involved in the search operation was an integral participant. First . . ., the officers in this case stood armed behind Ellison while he reached into the doorway and deployed the flash-bang. Second, the use of the flash-bang was part of the search operation in which every officer participated in some meaningful way. Third, every officer was aware of the decision to use the flash-bang, did not object to it, and participated in the search operation knowing the flash-bang was to be deployed.

*Id.* at 780. In contrast, the four defendants here were responding to an emergency Code 3, requiring immediate action with no opportunity to consult with each other. Very simply, there was no plan by the officers and no awareness by any one officer that another might be planning on using excessive force. The Court therefore refused to apply the doctrine of integral participation.

For the reasons stated above, and for those reasons stated from the bench, the Court granted the Rule 50 motion as to Officers, Morehouse, Shaffer, and Hill, and denied the motion as to Officer Abercrombie.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for judgment as a matter of law under Rule 50, made verbally in open Court on April 25, 2018 (see Minute Sheet docket no. 222) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to dismiss defendants Morehouse, Shaffer, and Hill. It is denied to the extent it seeks to dismiss defendant Abercrombie.


DATED: April 30, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge