**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**ERICA J. WHITE**
**HEATHER M. McCARTHY**
**CATHERINE A. FREEMAN**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID 83702
Telephone: (208) 287-7700
Facsimile: (208) 287-7719
Idaho State Bar Nos. 7475, 6404, & 9223
Email: civilpafiles@adaweb.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEE ARTHUR RICE II, an individual, | **Case No. 1:13-CV-00441-BLW** |
| Plaintiff, | **DEFENDANTS DALE MOREHOUSE AND NICK SHAFFER'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES** |
| vs. | |
| DALE MOREHOUSE, JEFFREY A. HILL, MARK ABERCROMBIE, NICK SHAFFER, and JOHN DOES 1-20, | |
| Defendants. | |

**I.**

**INTRODUCTION**

These Defendants are entitled to an award of their attorney fees as the Plaintiff's claims against them were frivolous, unreasonable, and without foundation. Specifically, the Plaintiff never had any evidence or reason to believe that Defendant Morehouse or Shaffer intentionally and repeatedly kneed him or struck him in the torso, back or hips during the scrum. Nor did he have any evidence or reason to believe that the Defendants had a plan or knowledge of a plan by others to use

DEFENDANTS DALE MOREHOUSE AND NICK SHAFFER'S MEMORANDUM IN
SUPPORT OF MOTION FOR ATTORNEY FEES – PAGE 1

excessive force on the Plaintiff. The inconsistencies between Plaintiff's trial testimony and his prior filings in this case suggest that this case only survived to trial based on false allegations of fact within his prior filings. Therefore, these Defendants request an award of their attorney fees associated with defending this matter including those fees associated with filing the Motion for Summary Judgment, the Ninth Circuit appeal, and the fees incurred after the case was remanded to this Court including through trial and this motion. The total amount sought by Defendants Morehouse and Shaffer is $158,013.50.

## II.

## ANALYSIS

**A.  Defendants are entitled to an award of attorney fees as the Plaintiff's claims were frivolous, unreasonable, and without foundation.**

Section 1988(b) of Title 42 of the United States Code authorizes the court, in its discretion, to award a "reasonable" attorney's fee to the prevailing party in a case brought under 42 U.S.C. § 1983. 42 U.S.C. § 1988(b). While § 1988 makes no distinction between prevailing plaintiffs and defendants, court have interpreted the statute to treat prevailing defendants much differently from prevailing plaintiffs; fees are not awarded to a defendant routinely or simply because the defendant succeeded *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006).

To be awarded fees, a prevailing defendant must demonstrate that the "plaintiff's action was frivolous, unreasonable, or without foundation, even if not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978). An action becomes frivolous when the result appears obvious or the arguments are wholly without merit. *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (citing *Christianberg Garment Co. v. E.E.O.C.*, 434 U.S 412, 421 (1978). A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception. *Galen*, 477 F.3d at 666.

DEFENDANTS DALE MOREHOUSE AND NICK SHAFFER'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES – PAGE 2

The Plaintiff's prosecution of this case through summary judgment, through the appeal to the Ninth Circuit, and ultimately through trial was frivolous, unreasonable and without foundation because the result was obvious and his arguments were wholly without merit. The result was obvious and his arguments were wholly without merit because the Plaintiff never had any evidence or personal knowledge of any wrongdoing by Defendants Morehouse and Shaffer. He survived summary judgment and the appeal only because of the false statements he made in his Declaration of alleged wrongdoing by the Defendants.

At trial, contrary to the statements made in his Declaration, the Plaintiff failed to present any evidence that Defendants Morehouse or Shaffer used excessive force or that they could be liable on a theory of integral participation. Since the Plaintiff did not present any evidence that would entitle him to relief, his case was frivolous, unreasonable, and without foundation and these Defendants are entitled to attorney fees incurred in defending this case.

**B.   Defendants are entitled to their attorney fees associated with their Motion for Summary Judgment.**

These Defendants filed a Motion for Summary Judgment on November 10, 2014. [Dkt. 80]. In that Motion, the Defendants sought dismissal of eight counts against them. They are as follows:

1. Unlawful Seizure
2. False Arrest
3. Unlawful Search
4. Deprivation of Liberty without Due Process
5. Deprivation of Property / Taking of Property without Just Compensation
6. Denial of Timely Assistance of Defense Counsel
7. Use of Excessive Force Against Pretrial Detainee
8. Use of Excessive Force During Arrest.

The Court dismissed counts one through seven against these Defendants. [Dkt. 109]. While the Court did not detail its findings with regard to the dismissal of these claims against these Defendants, it referenced the findings in its earlier Memorandum Decision and Order [Dkt. 86] as applying to these Defendants. Thus, the Court found that there was no evidence that they played any role in Plaintiff's imprisonment or the search of his vehicle. Nor were they present when he was placed under verbal arrest. Defendant Shaffer did not search the Plaintiff. Defendant Morehouse participated in the search of Plaintiff, but the Court held that it was a lawful search incident to arrest. These claims were frivolous, unreasonable and without foundation and these Defendants are entitled to their fees in having to defend them.

As to the excessive force claim the Court divided it into three separate acts. First, removing the Plaintiff from his vehicle. Second, taking him to the ground. Third, the "scrum" on the ground while attempting to place the Plaintiff in handcuffs. The Court granted these Defendants summary judgment as to the first and second acts as there was no evidence of excessive force. Further, even if the Defendants used excessive force in the take-down, the right was not clearly established and thus, the Defendants were entitled to qualified immunity.

Without coming forward with any evidence that the removal of Plaintiff from the car or the take-down were excessive, the Plaintiff's claims were unreasonable. Additionally, since there was no case law clearly establishing the right to not be taken to the ground in these circumstances, the outcome was obvious that the Defendants would be entitled to qualified immunity even if it was excessive. These claims were frivolous and these Defendants are entitled to their attorney fees incurred in defending them.

The Court denied summary judgment on the third act, the scrum, based on the Plaintiff's Declaration that Defendants Morehouse and Shaffer, along with other officers, intentionally and

repeatedly struck and kneed him in the torso, hips, and back. Although the Defendants disputed these allegations, the Court was required to take them as true at the summary judgment stage. In its Memorandum Decision and Order [Dkt. 109], this Court held that the video did not conclusively refute Plaintiff's assertion that he was passive during the scrum and yet was physically assaulted by the officers leading to permanent injuries. *Id*. Because the parties told dramatically different versions of what happened and because the video did not conclusively refute the Plaintiff's version, the Court had to accept the Plaintiff's version as true. *Id.* This created a sufficient question of material fact as to whether the officers used excessive force during the scrum to warrant denying their motion for summary judgment. *Id*.

However, as was shown at trial, the Plaintiff never had any evidence to prove his version. The Plaintiff did nothing more than prepare a self-serving declaration that contained falsehoods to survive summary judgment. The Plaintiff knew, even at the time of summary judgment, that he did not have any evidence to support the claims he was making.

Because the Plaintiff survived summary judgment based only on his Declaration that contained statements without any proof or evidence to support them, the claim was frivolous, unreasonable, and without foundation. These Defendants should receive their attorney fees even though the Plaintiff prevailed on this portion as it was due to the false statements he made in his Declaration. The Plaintiff did not have any evidence of or personal knowledge that Defendants Shaffer or Morehouse intentionally and repeatedly struck and kneed him in the torso, hips, and back. Nor did he have any evidence of or personal knowledge that they had a plan or were aware of a plan by the other officers to use excessive force.

Defendants incurred $16,066.00 in fees preparing the Motion for Summary Judgment. Defendants incurred approximately $5,000.00 in defending counts one through seven. Defendants

incurred approximately $11,066.00 defending count eight.  Approximately $6,500.00 was incurred defending whether excessive force was used in the removal from the car and the take down and approximately $4,566.00 was incurred defending whether excessive force was used in the scrum.

**C.  Defendants are entitled to their attorney fees associated with their Ninth Circuit Appeal because it affirmed the District Court's decision based upon the falsehood contained in the Plaintiff's Declaration.**

Although the Plaintiff prevailed on appeal, the Defendants should still be awarded their attorney fees because he prevailed solely because of the falsehoods in his Declaration.  The Ninth Circuit affirmed this Court's decision on the grounds that there was a genuine issue of material fact as there were conflicting versions of what happened during the scrum.  *See* Memorandum [Dkt. 115].  The Ninth Circuit went on to state that it was clearly established at the time of the incident that striking and kneeing a person being arrested who was not physically resisting constituted excessive force.  *Id.*

The only evidence that the Plaintiff was struck or kneed was from his self-serving Declaration that falsely stated that Defendants intentionally and repeatedly kneed and struck him in the torso, hips, and back.  The Plaintiff did not have any evidence or reasonable foundation to make the assertions in his Declaration that created the issue of fact preventing summary judgment from being granted.  Thus, although the Defendants did not prevail on the appeal they should still be awarded their attorney fees.

Defendants incurred $23,852.50 on the appeal.

**D.  Defendants are entitled to their attorney fees associated with defending this case through trial.**

Taking this case to trial was frivolous, unreasonable, and without foundation because the Plaintiff did not have any evidence that these Defendants used excessive force during the scrum nor any evidence that they had a plan or were aware of a plan by other officers to use excessive force

DEFENDANTS DALE MOREHOUSE AND NICK SHAFFER'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES – PAGE 6

during the scrum. At trial, the Plaintiff did not present any evidence of excessive force used by either Defendant Morehouse or Defendant Shaffer. The Plaintiff did not provide any testimony in his direct examination that Defendant Morehouse or Defendant Shaffer kneed him or struck him during the scrum. The Plaintiff did not elicit any testimony from any of the Defendants on cross-examination that Defendant Morehouse or Defendant Shaffer kneed him or struck him. The Plaintiff did not elicit any testimony from any witness that Defendant Morehouse or Defendant Shaffer kneed him or struck him. Likewise, the Plaintiff did not elicit any testimony from any witness that Defendants Morehouse and Shaffer had a plan to use excessive force or knew of a plan by the other officers to use excessive force on the Plaintiff during the scrum. This is not a situation where a jury found one version of the facts more credible than the other. Rather, the Plaintiff simply did not present any evidence to establish his case.

Rather, the evidence presented at trial established that Defendant Shaffer lost control of Plaintiff's left arm as Plaintiff landed on it following the take-down. *See* Memorandum Decision and Order [Dkt. 230]. Thereafter, Defendant Shaffer was trying to get control of Plaintiff's left arm. *Id*. Eventually Defendant Shaffer got control of the left arm and helped other officers handcuff Plaintiff. *Id*. Defendant Shaffer applied no other force to Plaintiff or had any other physical contact with him. *Id*.

Additionally, the evidence presented at trial established that Defendant Morehouse landed with both knees on the ground when Plaintiff was taken to the ground. *Id*. While lying flat on the ground, Defendant Morehouse was trying to maintain control of Plaintiff's right arm. *Id*. He was eventually able to get on his knees and scoot up to Plaintiff's side where he was able, with the assistance of another officer, to get Plaintiff's right arm in position to be handcuffed. *Id*. At no time did Defendant Morehouse put his knees onto Plaintiff and at no time did he strike him in any way.

Finally, the evidence presented at trial established that the four defendants were responding to an emergency Code 3, requiring immediate action with no opportunity to consult with one another. *Id.* There was no plan by the officers and no awareness by any one officer that another might be planning on using excessive force. *Id.* Therefore, there was no foundation for a claim for integral participation.

Defendants incurred $118,095.00 defending this case after it was remanded from the Ninth Circuit including through trial and the preparation of this Motion.

### III.

### CONCLUSION

Based on the foregoing and the pleadings on file herein, these Defendants respectfully request that they be awarded $158,013.50 in attorney fees.

DATED this 14th day of May, 2018.

                    **JAN M. BENNETTS**
                    Ada County Prosecuting Attorney

          By:   /s/_____
                    Erica J. White
                    Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 14th day of May, 2018, I served a true and correct copy of the foregoing DEFENDANTS DALE MOREHOUSE AND NICK SHAFFER'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES to the following persons by the following method:

| | |
|---|---|
| Richard L. Harris<br>P.O. Box 1438<br>Caldwell, Idaho 83606 | _____ Hand Delivery<br>_____ U.S. Mail<br>__x__ Electronic Filing<br>        attyrlh@aol.com<br>_____ Facsimile |
| Scott B. Muir<br>Kelly K. Fleming<br>Boise City Attorney's Office<br>150 North Capitol Blvd.<br>P. O. Box 500<br>Boise, Idaho 83701-0500 | _____ Hand Delivery<br>_____ U.S. Mail<br>__x__ Electronic Filing<br>        smuir@cityofboise.org<br>_____ Facsimile (208) 384-4454 |

                          /s/_____
                            Candace McCall, Legal Assistant