IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEE ARTHUR RICE, II, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DALE MOREHOUSE, JEFFREY A. HILL, MARK AMBERCROMBIE, and NICK SHAFFER,<br><br>Defendants. | Case No. 1:13-CV-441-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a motion for attorney fees filed by Officers Morehouse and Shaffer. The plaintiff never responded to the motion and the deadline for a response has passed. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Officers Morehouse and Shaffer seek attorney fees in the sum of $158,013.50. Plaintiff Rice had accused these officers of using excessive force in taking him to the ground and arresting him following a traffic stop. Following a summary judgment decision by this Court, the Ninth Circuit held that there were sufficient questions of fact to proceed to trial.

**Memorandum Decision & Order – page 1**

A jury trial was held, and following the close of evidence, the Court granted a Rule 50 motion filed by these officers, holding that a reasonable jury would not have a legally sufficient evidentiary basis to find that they used excessive force on the plaintiff. *See Memorandum Decision (Dkt. No. 230).* The Court found that the action of these officers in taking Rice to the ground and in attempting to control his arms – each officer had a hold on one of Rice's arms – could not be construed as excessive force. There was no evidence that they struck or kicked Rice, and all the evidence showed that the force they used was necessary to effectuate the arrest.

The Ninth Circuit has recognized that "[o]ur system of awarding attorney fees in civil rights cases is in large part dedicated to encouraging individuals injured by . . . discrimination to seek judicial relief." *Harris v Maricopa County Superior Court,* 631 F.3d 963, 971 (9th Cir. 2011). In accordance with this objective, courts are permitted, under 42 U.S.C. § 1988, to award attorney fees to prevailing plaintiffs as a matter of course but to prevailing defendants only in the "exceptional" circumstance where the claims were "frivolous, unreasonable, or groundless." *Id; see CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S.Ct. 1642, 1646 (2016).

Here, it is tempting to declare Rice's suit frivolous because Morehouse and Shaffer successfully dismissed those claims on their Rule 50 motion following the close of evidence. But no case has been cited holding that this circumstance alone warrants an award of attorney fees under § 1988. Indeed, the claims were serious enough to survive summary judgment both before this Court and the Ninth Circuit. The officers argue that the claims only survived because Rice lied in his Declarations. But Rice was pinned on

**Memorandum Decision & Order – page 2**

the ground by several officers and had difficulty observing what was going on behind his back. The Court cannot find that Rice's lies pushed these claims to trial.

At the end of the day, Rice's excessive force claims needed to be aired at trial with testimony under oath. "Even when unsuccessful, such suits provide an important outlet for resolving grievances in an orderly manner and achieving non-violent resolutions of highly controversial, and often inflammatory, disputes." *Harris,* 631 F.3d at 971. For these reasons, the Court cannot find that this is the exceptional case that requires an award of attorney fees for prevailing defendants.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for attorney fees (docket no. 233) is DENIED.

DATED: November 5, 2018

B. Lynn Winmill
Chief U.S. District Court Judge